UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION IN ITS CAPACITY AS RECEIVER FOR ALTO TECH II, L.P., <br><br> Plaintiff, <br><br> v. <br><br> ALTO TECH II, LLP, <br><br> Defendant. <br> _____/ | No. C-06-3879 EMC <br><br> **ORDER RE SUPPLEMENTAL BRIEFING** |

Plaintiff the SBA initiated this litigation on June 21, 2006. *See* Docket No. 1. Apparently, on the same date, the SBA and Defendant Alto Tech II entered into a stipulation for a consent order of receivership. *See* Docket No. 4. Alto Tech Ventures, the general partner of Alto Tech II, signed the stipulation on Alto Tech II's behalf. *See id.* at 7. Pursuant to the stipulation, which was approved by Judge Alsup on the same day, the SBA was appointed as the Receiver of Alto Tech II. *See id.* at 2. The SBA, as Receiver, was given all the powers, authorities, rights, and privileges theretofore possessed by Alto Tech II's general partner, officers, directors, managers, and so forth under applicable state and federal law. *See id.*

After the consent order of receivership was issued, the SBA, as Plaintiff in the instant case, consented to the jurisdiction of a magistrate judge. *See* Docket No. 7. SBA, as Receiver, also

consented to the jurisdiction of a magistrate judge on behalf of Alto Tech II. *See id.* Thereafter, this Court entered several orders in the case.

Approximately a year after the SBA consented -- both as Plaintiff and as Receiver -- to proceeding before a magistrate judge, the SBA, as Receiver, filed a motion for an order approving its recommended disposition of claims and the priority of payment of approved claims and establishing summary disposition procedures. *See* Docket No. 40. The hearing on this motion is scheduled for August 6, 2008.

After the SBA filed its motion, Alto Tech Ventures (Alto Tech II's general partner) and Alto Tech Management, who represent that they are Claimants, filed a notice of declination to proceeding before a magistrate judge.

As a preliminary matter, the Court finds that the SBA was entitled to consent to the jurisdiction of a magistrate judge, not only on its own behalf as Plaintiff but also on Alto Tech II's behalf as Receiver. As noted above, the consent order of receivership gave the SBA all of the authority held by Alto Tech's general partner (Alto Tech Ventures), officers, directors, managers, and so forth.

The question now for the Court is whether Claimants' consent is necessary under 28 U.S.C. § 636(c) in order for the undersigned to continue to preside over the case. *See* 28 U.S.C. § 636(c) (providing that, "[u]pon the consent of the *parties*, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case") (emphasis added). Accordingly, the Court hereby orders that supplemental briefing be filed by the SBA, Defendant, and/or Claimants as to the issue of whether Claimants in a case such as this are considered "parties" who may decline consent pursuant to § 636(c) and thus defeat magistrate judge jurisdiction. Such supplemental briefing shall be filed no later than **July 18, 2008**.

///
///
///
///
///

The Court shall consider the issue of consent, as well as the merits of the SBA's motion, at the hearing on August 6, 2008. If the Court concludes that it does not have jurisdiction pursuant to § 636(c) because of Claimants' declination, then it shall prepare a report and recommendation on the SBA's motion and have the case reassigned to a District Court judge.

IT IS SO ORDERED

Dated: July 9, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

3